UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN ANTHONY SHEARER,

    Petitioner,

v.                                                                 CAUSE NO. 3:17CV970-PPS/MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Ryan Anthony Shearer, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary case WCC 17-08-515. On September 5, 2017, a Disciplinary Hearing Officer found Shearer guilty of attempting to escape from the prison in violation of Indiana Department of Correction (IDOC) policies A-108/111. ECF 1 at 1. As a result, Shearer was sanctioned with the loss of 60 days earned credit time and demoted in credit class. After reviewing the petition, I had some questions so I ordered additional briefing from IDOC. In response, IDOC decided to throw in the towel. It reconsidered Shearer's case, reduced the charge against him to a C-366 offense for being in an unauthorized area, returned the 60 days of earned credit time he previously lost, and rescinded his demotion in credit class. ECF 16-2. The Warden has now moved to dismiss Shearer's petition on the basis that he did not suffer any loss impacting the length of his sentence and is therefore not entitled to habeas corpus relief. ECF 16 at 1-2, 17 at 1-2.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding if the discipline results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, because the disciplinary action has not resulted in the lengthening of the duration of Shearer's confinement, habeas corpus relief is not available. Because there is no relief that he can obtain in this habeas corpus proceeding, the petition will be denied.

ACCORDINGLY:

The Warden's motion to dismiss (ECF 16) is GRANTED and Ryan Anthony Shearer's petition (ECF 1) is DENIED. The Clerk is directed to CLOSE the case.

SO ORDERED on November 16, 2018.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT